JONES, Justice:
Appellant was tried, convicted, and sentenced to life imprisonment by the Circuit Court of Grenada County for the murder of one Willie Mounger. On appeal, the only assignment of error is that the lower court erred in submitting to the jury the question of murder.
The evidence for the appellant and ap-pellee was conflicting. The deceased was the mother of James Mounger also known as “Frog.” She was also the mother of Sarah, with whom appellant was going and by whom he had children.
Those named above, with others, were gathered on the occasion in question at the house where Willie and Sarah resided.
The state’s proof showed that, as Frog started through a part of the house, appellant shoved him and a fight ensued. As they were scuffling, Willie came to separate them and stop the trouble. Appellant had a gun. It was fired and Willie was killed.
Appellant’s version was contradictory to that of the state. He claimed “Frog” started the fight and that he, appellant, was hit on the head by another person with a flatiron and he did not remember any shooting. One Ringo who was accused of using the flat-iron said he didn’t even see any flatiron.
Sarah testified it was an accident. At the time of the trial she was living with appellant.
The appellant admitted he had a pistol and that the reason he had the gun was that he was afraid of “Frog,” although they had never had an argument. He was the only one shown to have a gun. The jury could have and did find it was fired deliberately.
The jury was instructed that if it believed the defendant wilfully and unlawfully shot and killed the deceased, Willie Moun-ger, he could be found guilty of murder.
It was also instructed with proper phraseology that if appellant shot intending to kill “Frog,” and, unintentionally killed Willie Mounger, they could find him guilty of murder. The Court also instructed them as to the three forms of verdict in case they found him guilty of murder.
The appellant obtained an instruction on manslaughter together with a number of other instructions. The record discloses that no instruction requested by appellant was refused.
The case was properly submitted to the jury and the case is affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, IN-ZER, and ROBERTSON, JJ., concur.